3585-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUKE BURNS, and <br> IWONA BURNOS, <br><br> Plaintiffs, <br><br> -v- <br><br><br> VILLAGE OF CRESTWOOD, <br> CHRISTOPHER SODERLUND, Star 357, <br> CHRISTOPHER HULL, Star 59, <br> JEFFREY BELL, Star 376, <br> ANNETTE KMIECIK, Star 203, <br> ARTHUR RONAN, Star 226, <br> STEVEN GOMBOZ, Star 12, and <br> BRIAN ZIOLKOWSKI, Star 312, <br><br> Defendants. | Case No: 1:2012-cv-00484 <br><br> Honorable Robert M. Dow, Jr. <br> Magistrate Judge Morton Denlow |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE A SUR-RESPONSE TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS**

NOW COME the Defendants, by and through their attorneys, LITCHFIELD CAVO, LLP, and in opposition to plaintiff's motion to file a sur-response, state as follows:

1. On August 6, 2012, this court granted defendants leave to file their corrected reply memorandum, instanter.

2. Shortly thereafter, the plaintiffs filed a motion requesting leave to file a sur-response (See Dkt. 35). In his motion, Luke Burns claims that the defendants "raises new factual issues and attaches an affidavit signed by [sic] Luke Burns." (See Dkt. 35). They further

maintain that "defendants' characterization of the newly asserted facts with regard to the affidavit warrants a brief response." (*Id*.). In the proposed sur-response, the plaintiffs accuse defendants of misrepresenting the facts regarding Luke's bankruptcy finding and his dispute with the Cozzos. They claim, for the first time, that the Cozzos paid Burns a "$1,300.00 non-refundable deposit" to paint their home. (See Dkt. 35-1). Strangely, this particular assertion is nowhere to be found within the four corners of either Burns' original pleading or his amended complaint. He further maintains, for the first time, that, in order to avoid being criminally prosecuted for stealing $1,300.00 from the Cozzos, he was forced to sign, against his will, the repayment agreement. (See Dkt. 35-1).

3. Burns' motion should be denied on its face, for the simple reason that nothing prevented Burns from raising these arguments in his response. Although the defendants raised judicial estoppel in their motion, Burns offered a perfunctory opposition, namely, an affidavit in which he states, in a conclusory manner, that his failure to list his claims against the defendants was "inadvertent" and an "honest mistake." Burns did not argue that he lacked knowledge of the undisclosed claims, nor did he argue that he had no motive for the concealment. Having failed to explain why his disclosure was inadvertent or mistaken, he can, again, only argue that he acted pro se, did not know he was required to disclose potential lawsuits on his bankruptcy petition, and was not "even aware that he had a potentially viable civil rights lawsuit." (See Dkt. 35-1).

4. Burns merely repeats a line of argument raised in his response. What he fails to do is offer any basis as to why this court should not apply judicial estoppel to his claims. But if Burns is to assert lack of knowledge, it is incumbent upon him to show that he was unaware of the facts which gave rise to his claims.

5.     Burns has not and cannot claim that he was unaware of the facts, inasmuch as he claims the officers showed up at his house on April 30, 2010, and, if he and his mother are to be believed, they made an illegal, warrantless entry into their house.  Burns also claims that he signed a repayment agreement "against his will."  With respect to the August 27th incident, he claims that the officers stormed into his house, subjected him to excessive force, and even forced him to walk barefoot across shards of broken glass.  Does Burns seriously expect anyone to believe that he was not aware of the facts giving rise to his claims?  As the defendants demonstrated in their reply, the test is not whether Burns was unaware of his duty to disclose his claims, but whether, at the time he filed his bankruptcy petition, he was unaware of the facts giving rise to them.  (See *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 1996)).

6.     Burns argues that there is nothing to suggest that Luke only disclosed his debt with the Cozzos in order to avoid criminal charges or to deceive the bankruptcy court. Defendants submit that Luke is now attempting to deceive this court.  If Luke is to be believed, the Cozzos consented to making a "$1,300.00 non-refundable deposit."  If the $1,300.00 was, in fact, a non-refundable deposit, why on earth would Burns list it as a debt he owed to the Cozzos? Why would Burns list this non-refundable deposit as an unsecured debt in his re-opened bankruptcy?  Finally, in his bankruptcy filings, Burns does not indicate or otherwise suggest that the $1,300.00 debt owed to the Cozzos is a "non-refundable deposit."

7.     Burns was caught concealing assets which he should have identified in his bankruptcy filing.  He now compounds his deceit by claiming that the money he took from the Cozzos was a "$1,300.00 non-refundable deposit."  Burns' claims of ignorance or inadvertence will not save his lawsuit, because he certainly was aware of the facts upon which his claims are

based and he cannot claim otherwise. Accordingly, Burns' motion to file a sur-response should be denied.

               Respectfully submitted,

               LITCHFIELD CAVO, LLP.

       By: /s/ Patrick J. Ruberry
           Attorneys for the Defendants.

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

4

## **CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing **Defendants' Opposition to Plaintiff's Motion to File a Sur-Response to Defendants' Motion for Judgment on the Pleadings** by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 10th day of August, 2012.

/s/ Patrick J. Ruberry
Attorneys for the Defendants

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax