# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 484 | **DATE** | 1/29/2013 |
| **CASE TITLE** | Luke Burns & Iwona Burns vs. Villiage of Crestwood, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' Rule 12(c) Motion for Judgment on the Pleadings [15] is denied. Defendants Hull and Bell's Rule 12(b)(6) Motion to Dismiss [12] is denied as moot. Consistent with their request in [25 at 3], Plaintiffs are granted leave to file an amended complaint substituting trustee Eugene Crane as Plaintiff on behalf of the bankruptcy estate of Luke Burns for Plaintiff Luke Burns.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**I.  Background**

In April 2010, Charles Cozzo called the Crestwood Police Department to report missing collectable coins. Cozzo told the police that he suspected someone working for Lewis Flooring may be responsible. Plaintiff Luke Burns (Luke) was employed by Lewis Flooring at the time and had worked at Cozzo's house. A few days after Cozzo called the police, Defendant Officers Soderlund, Hull, and Bell went to Plaintiffs' house. Luke was questioned and placed in the officers' squad car. The officers then entered Plaintiffs' house. Luke's mother, Plaintiff Iwona Burns (Iwona), allegedly was told that she would be arrested if she did not consent to a search of Plaintiffs' house. She consented, and the officers searched the house and Iwona's car. The officers' search did not uncover contraband or other incriminating evidence. Even so, Luke and Iwona were taken to the Crestwood Police Department. Iwona was held for two hours; Luke was in custody for three days.

In August 2010, Defendant Officers Kmiecik, Soderlund, and Gomboz went to Plaintiffs' house. Standing at the door, Kmiecik told Iwona that she was Luke's friend and wanted to speak to him. Iwona summoned Luke. When he came to the door, Kmiecik allegedly tried to pull him outside. As he was being pulled by Officer Kmiecik, Luke claims that he saw two men hiding in the bushes with guns drawn. Luke closed the door and ran upstairs, allegedly because he did not know the three were police officers. The officers then allegedly broke down the door and entered the house, pushing Iwona against the wall. Luke claims that he then realized that Kmiecik, Soderlund, and Gomboz were police officers and surrendered. According to the complaint, Luke was then beaten, handcuffed at gunpoint, and forced to walk barefoot through broken glass.

In July 2010, during the period between the incidents with the officers, Luke filed a *pro se* Chapter 7 petition for bankruptcy. His petition failed to disclose the potential civil rights claims that accrued in April and August 2010.

## STATEMENT

After the August incident, Luke was charged in Cook County Circuit Court with theft and resisting the police. While those charges were pending, in November 2010, the bankruptcy court granted a discharge of Luke's debt pursuant to section 727 of the Bankruptcy Code. In May 2011, following a bench trial, Luke was acquitted of the criminal charges. In January 2012, Plaintiffs filed this lawsuit alleging violations of their federal constitutional rights under 42 U.S.C. § 1983. In May 2012, Defendants filed a motion for judgment on the pleadings [15], arguing that Plaintiffs do not have standing to sue because their claims belong to the bankruptcy estate. Defendants argue in the alternative that Plaintiffs' lawsuit should be barred by judicial estoppel. In a separate motion, several of the Defendant officers moved to dismiss certain claims against them [12].

In response to Defendants' motions, Plaintiffs moved to file an amended complaint [19]. Plaintiffs' proposed amended complaint removed Officers Ronan and Ziolkowski and added a state law claim for malicious prosecution. In support of their motion to amend, Plaintiffs argued that even if the Court were to grant Defendants' motion for judgment on the pleadings on Luke's claims, Iwona's claims would survive; she is also a Plaintiff and never filed for bankruptcy. Plaintiffs also argued that Luke's state law claim for malicious prosecution would survive because it accrued after the bankruptcy. In June 2012, the Court granted Plaintiffs' motion to amend [19] and Plaintiffs filed their first amended complaint [23]. That same month, Luke moved to reopen his bankruptcy and disclose the civil rights claims that accrued prior to and during his bankruptcy. In his motion to the bankruptcy court, Luke explained that he filed for bankruptcy *pro se* and did not understand that he had to disclose potential claims. His attorney had since informed him that he was required to do so, and he was therefore moving to reopen his bankruptcy to amend his petition. The bankruptcy court granted Luke's motion. [See 25].

In July 2012, Luke filed a response [25] to Plaintiffs' motion for judgment on the pleadings. In his response, Luke argued that (1) his failure to disclose his civil rights claims in his bankruptcy petition was inadvertent and (2) he had reopened his bankruptcy, disclosed his claims, and that the trustee has now stepped in as a Plaintiff. [See 25 at 2]. He asked the Court to permit him to file an amended complaint that substitutes Eugene Crane as Plaintiff on behalf of the bankruptcy estate of Luke Burns. [See 25 at 3].

In their reply, Defendants' appear satisfied with Luke's response to Defendants' "standing" argument[1] and abandon that theory in support of their motion for judgment on the pleadings [see 37 at 1-2, 11]. Defendants' reply focuses exclusively on Luke's response to their judicial estoppel argument. Defendants maintain that Luke's failure to disclose cannot be excused as a mistake and that he had a motive to conceal his claims. Luke filed a sur-response objecting to Defendants' inclusion of additional facts bearing on why Luke would be motivated to conceal his civil rights claims and how his failure to disclose them could not be an excusable mistake. Defendants filed a sur-reply arguing that Luke's opposition to Defendants' judicial estoppel arguments was still woefully inadequate.

> [FN 1] Courts tend to blur the distinction between standing to sue and the real party in interest doctrine and to use these terms interchangeably when discussing a debtor's right to assert pre-bankruptcy claims. To clarify, "both standing and real party in interest 'are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits.'" *Weissman v. Weener,* 12 F.3d 84, 86 (7th Cir. 1993) (quoting 6A Wright & Miller, Federal Practice and Procedure § 1542 (2d ed. 1990)). Here, there is no question that Plaintiff has Article III standing, in that he has alleged an injury in fact traceable to the conduct of the District that is likely to be redressed by the relief sought. See *Lee v. Deloitte & Touche LLP*, 428 F. Supp. 2d 825, 830 (N.D. Ill. 2006); *Tate v. Snap-On Tools Corp.*, 1997 WL 106275, at

*4 (N.D. Ill. Feb.11, 1997). The question is whether Plaintiff is the real party in interest, meaning "the person who possesses the right sought to be enforced." 6A Wright & Miller, Federal Practice and Procedure § 1542 (2d ed. 2009); see also *Tate*, 1997 WL 106275, at *4. The real party in interest doctrine essentially is a prudential limitation on a plaintiff's ability to invoke federal jurisdiction, which is imposed by Rule 17 of the Federal Rules of Civil Procedure. *Tate*, 1997 WL 106275, at *4. Because it is not a constitutional requirement, the real party in interest doctrine does not act as a limitation on the subject matter jurisdiction of the federal courts, and Rule 17 objections can be waived. 6A Wright & Miller, Federal Practice and Procedure § 1542 (2d ed. 2009).

Following this extended briefing cycle, the Court has before it Defendants' Rule 12(c) motion for judgment on the pleadings [15] against Plaintiff Luke Burns based on judicial estoppel and Defendants Hull and Bell's Rule 12(b)(6) motion to dismiss [12] Counts II-IV and VI.

II. **Legal Standard for Rule 12(b)(6) and Rule 12(c) Motions**

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole."). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Piscotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir.2007).

III. **Analysis**

A. **Judicial Estoppel**

"The doctrine of judicial estoppel is invoked to protect the integrity of the judicial process by estopping parties from asserting contradictory positions in court to derive an unfair advantage." *Swearingen-El v. Cook County Sheriff's Dept.*, 456 F. Supp. 2d 986, 990 (N.D. Ill. 2006). It is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003) (citing *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). Judicial estoppel may be applied where (1) the later position is clearly inconsistent with the

earlier position; (2) the facts at issue are the same in both cases; and (3) the party to be estopped convinced the first court to adopt its position. *Hook*, 195 F.3d at 306. Numerous courts, including the Seventh Circuit, have held that judicial estoppel blocks a debtor from pursuing a claim for his own benefit that he failed to disclose in his bankruptcy proceeding. *Cannon-Stokes v. Potter*, 453 F.3d 446, 447-48 (7th Cir. 2006) (collecting cases).

Courts generally consider a party's subjective intent in deciding whether to apply judicial estoppel. See *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *Matter of Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990) ("[judicial estoppel] should not be used where it would work an injustice, such as where the former position was the product of inadvertence or mistake"); *Aikens v. Soul Circus, Inc.*, 2011 WL 2550828, at *5 (N.D. Ill. June 24, 2011) ("Subjective intent is relevant to the question of judicial estoppel") (citing cases). In this case, Luke's subjective intent matters. Without evidence of why Luke omitted his potential claims from his initial bankruptcy petition, the Court cannot decide whether applying the equitable doctrine of judicial estoppel would "work an injustice."

The pleadings and briefs supporting and opposing Defendants Rule 12(c) motion do not supply the necessary evidence. Defendants may present a judicial estoppel argument at summary judgment, once the parties have had an opportunity to gather evidence bearing on Luke's intent. *Aikens*, 2011 WL 2550828, at *5 ("[judicial estoppel] is an argument more appropriate for summary judgment"). Defendants' motion for a Rule 12(c) judgment on the pleadings [15] based on judicial estoppel is therefore denied.

### B. Hull and Bell's Motion to Dismiss Counts II-IV and VI

Defendants Hull and Bell argue that Counts II-IV and VI should be dismissed because they do not state claims against them. Count II is for unlawful entry in August 2010, and names only Officers Soderlund, Kmiecik, and Gomboz. Count II does not name Defendants Hull or Bell and Plaintiffs' complaint does not suggest that Defendants Hull or Bell were involved in the events in August 2010. Because Plaintiffs' have not attempted to state a claim against Hull or Bell in Count II, there is no claim to be dismissed. The same is true of Count III for excessive force in August 2010 and Count IV for false arrest in August 2010. Count VI is for failure to intervene in April and August 2010. Defendants Hull and Bell ask the Court to dismiss Count VI to the extent that it attempts hold them responsible for failure to intervene in August 2010. Because Plaintiffs' complaint does not assert or even suggest that Defendants Hull or Bell were involved in the August 2010 events, Plaintiffs have not attempted to state a claim against them for failing to intervene at that time. Accordingly, Defendants Hull and Bell's motion to dismiss [12] is denied as moot.

### IV. Conclusion

For the reasons stated above, Defendants' Rule 12(c) Motion for Judgment on the Pleadings [15] is denied. Defendants Hull and Bell's Rule 12(b)(6) Motion to Dismiss [12] is denied as moot. Consistent with their request in [25 at 3], Plaintiffs are granted leave to file an amended complaint substituting trustee Eugene Crane as Plaintiff on behalf of the bankruptcy estate of Luke Burns for Plaintiff Luke Burns.