3585-1

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUKE BURNS, and ) | |
| IWONA BURNOS, ) | |
| Plaintiffs, ) | Case No: 1:2012-cv-00484 |
| -v- ) | |
| ) | Honorable Robert M. Dow, Jr. |
| VILLAGE OF CRESTWOOD, ) | Magistrate Judge Morton Denlow |
| CHRISTOPHER SODERLUND, Star 357, ) | |
| CHRISTOPHER HULL, Star 59, ) | |
| JEFFREY BELL, Star 376, ) | |
| ANNETTE KMIECIK, Star 203, ) | |
| ARTHUR RONAN, Star 226, ) | |
| STEVEN GOMBOZ, Star 12, and ) | |
| BRIAN ZIOLKOWSKI, Star 312, ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Now come the Defendants, Christopher Soderlund and Steven Gomboz, by their attorneys, Litchfield Cavo, LLP, and pursuant to Rule 50(a), move this Court for entry of an order granting judgment as to a matter of law as to all remaining claims. In support thereof, the defendants state as follows:

**I.      Introduction**

Under Rule 50(a), a district court may enter judgment against a party who has been fully on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue. *Schandelmeir-Bartels v. Chicago Park District,* 634 F.3d 376 (7th Cir. 2011) (internal citation omitted). This Court should grant judgment on Luke Burns'

claims for excessive force and failure to intervene because he has failed to establish a legally sufficient evidentiary basis for the jury to find in his favor on those two claims.

## II. <u>Legal Standard</u>

Rule 50(a) states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (a) resolve the issue against the parties; and (b) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Judgment as a matter of law should only be granted where, in view of the evidence in light most favorable to the non-moving party, there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *Payne v. Milwaukee County,* 146 F.3d 430, 432 (7th Cir. 1998); see also Fed. R. Civ. P. 50(a). When a case turns on credibility, judgment as a matter of law is not proper unless the objective evidence shows that it would be unreasonable to believe that a critical witness from one side. *Payne*, 146 F.3d at 433.

## III. <u>Gomboz is Entitled to Judgment as a Matter of Law as to Burns' Excessive Force Claim</u>

Section 1983 creates a cause of action based on personal liability and predicated upon fault. Thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation. See also, *Minix v. Canarecci,* 597 F.3d, 824, 833 (7th Cir. 2010) ("individual liability under Section 1983 generally requires personal involvement in the alleged constitutional deprivation").

Gomboz is entitled to judgment as a matter of law as to the excessive force claim inasmuch as Burns has failed to show that any force he used during the course of the August 27, 2010 incident was excessive.

Burns has not claimed that Gomboz punched, slapped or kicked him and likewise does not claim that he struck him with any type of weapon. Since he is unable to show that any force Gomboz allegedly used was unreasonable under the Fourth Amendment, Burns' excessive force claim fails as a matter of law.

## IV. Burns has Failed to Establish the Elements of his Failure to Intervene Claim

Burns alleges that Gomboz failed to intervene when Sergeant Soderlund allegedly subjected him to unreasonable force. To establish his claim for failure to intervene, Burns must establish each of the following elements by a preponderance of the evidence:

- A defendant used excessive force;
- That Gomboz knew that Soderlund was actually or was about to use excessive force;
- Gomboz had a realistic opportunity to do something to prevent harm from occurring;
- Gomboz failed to take reasonable steps to prevent harm from occurring;
- Gomboz' failure to act caused Burns to suffer harm.

Burns has failed to establish the foundational premise of a failure to intervene claim; namely, that one defendant committed a constitutional violation while the other defendant looked on in willful acquiescence. Accepted as true, Burns' testimony demonstrates that Gomboz did not know that Burns was actually or about to use excessive force (as plaintiff alleges, the defense does not concede that unreasonable force was used). Burns himself admitted that the conduct he attributes to Soderlund occurred in a matter of seconds and, as such, Gomboz did not have a realistic opportunity to prevent the alleged harm.

Precedent teaches that if a plaintiff has failed to establish each element of a failure to intervene claim at the rest of his case, it is appropriate for the court to grant judgment as a matter of law at that time. See *Fillmore v. Page,* 358 F.3d 496, 505-506 (7th Cir. 2004). Accepted as true, Burns' testimony demonstrates that no reasonable jury can find that there is a sufficient

evidentiary basis for a finding in his favor on this issue. Consequently, this Court should enter judgment as a matter of law as to plaintiff's failure to intervene claim.

Alternatively, should Burns claim that both Gomboz and Soderlund subjected him to unreasonable force, his failure to intervene claim fails as a matter of law. His claim fails because he is unable to establish the foundational premise of a failure to intervene claim; namely, that one defendant committed a constitutional violation while the other defendant looked on in willful acquiescence. The testimony Burns presented to the jury is in direct contradiction to these requirements inasmuch as he testified that the defendants used unreasonable force. Since this is the only evidence, Burns failure to intervene claim fails as a matter of law and should be dismissed with prejudice.

Lastly, the failure to intervene claim fails because neither Burns nor Mrs. Burnos identified Gomboz as being present when the alleged constitutional violation occurred. Despite having ample opportunity to do so, neither witness identified Gomboz as one of the officers present when the alleged misconduct occurred.

Lastly, the failure to intervene claim fails because neither Mr. Burns nor Mrs. Burnos identified Gomboz as one of the officers present when the alleged constitutional violation occurred, despite having ample opportunity to do so. Neither witness identified Gomboz as the officer whom Burns confronted when he ran up into the kitchen. Burns claims that this unknown officer had drawn his gun and told him to freeze. But even though Gomboz was sitting in the courtroom some ten feet away from Mr. Burns, neither he nor his mother identified him as one of the officers present.

## V.     <u>Burns' Excessive Force Claim Fails as a Matter of Law</u>

In evaluating the reasonableness of the force an officer uses to make an arrest, the court considered "the severity of the crime at issue, whether the suspect poses an immediate threat to

the safety of the officers or others, and whether he is actively resisting or attempting to evade an arrest by flight". *Graham v. Connor,* 490 U.S. 386, 396 (1989). Precedent teaches that the courts must "remain cognizant of the fact that police officers are often forced to make split second judgments – in circumstances that are intense, uncertain and rapidly evolving – about the amount of force that is necessary in particular situations". See *Abbot v. Sangamon County,* 705 F.3d 706, 724 (7th Cir. 2014).

Here, it is undisputed that Burns actively resisted arrest and attempted to evade arrest by flight. Consequently, the force used to place him under arrest; namely, placing him on the floor and handcuffing him was eminently reasonable and did not violate the Constitution.

Accordingly, this court should enter judgment as a matter of law as to Burns' excessive force claim.

Respectfully submitted,

Litchfield Cavo, LLP


\s\ Patrick J. Ruberry

**Patrick J. Ruberry, Esq. (06188844)**
**LITCHFIELD CAVO, LLP**
**303 West Madison Street, Suite 300**
**Chicago, IL 60606-3300**
**Phone: (312) 781-6677**
**Fax:  (312) 781-6630**

# CERTIFICATE OF SERVICE

I, the undersigned, being first duly sworn upon oath, depose and say that I caused to be served the foregoing **Defendants' Motion for Judgment as a Matter of Law** by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the January 20, 2017.

/s/ Patrick J. Ruberry
Attorneys for the Defendants

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax